**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000374
30-NOV-2023
08:03 AM
Dkt. 166 SO**

NO. CAAP-19-0000374

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JAWMIN L.L.C., a Hawaii limited liability company,
Plaintiff/Appellant,
v.
HOKUKANO RANCH, INC., a Hawaii corporation; THOMAS PACE;
KEALAKEKUA HERITAGE RANCH, LLC, a Hawaii limited liability
company; PACIFIC MAKAI PROPERTY MANAGEMENT LLC, a California
limited liability company; HOKUKANO FOREST PARTNERS LLC, a Hawaii
limited liability company, Defendants/Appellees,
and MARY GREENWELL, Defendant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CC17100171K)

## SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

**Jawmin** L.L.C. appeals from the Second Amended Final
Judgment in favor of Thomas **Pace, Hokukano Ranch**, Inc.,
Kealakekua **Heritage Ranch**, LLC, **Pacific Makai** Property
Management, LLC, and **Hokukano Forest** Partners LLC, entered by the
Circuit Court of the Third Circuit on March 18, 2020.[1]  We affirm
in part, vacate in part, and remand for further proceedings.

---

[1]     The Honorable Melvin H. Fujino presided.

## BACKGROUND

Jawmin owns real property in Kealakekua on the island of Hawaiʻi. Heritage Ranch, Pacific Makai, and Hokukano Forest own real property sharing common boundaries with Jawmin's property.

On May 17, 2017, Jawmin sued Heritage Ranch, Pacific Makai, Hokukano Forest, Pace, and Hokukano Ranch.[2] Jawmin alleged that animals owned by Pace and Hokukano Ranch trespass onto Jawmin's property "and cause tremendous damage by breaking fences, natural barriers, and equipment, and eating many of the new seedlings that are vital to [its tree cultivation] business." Hokukano Ranch doesn't share a common boundary with Jawmin; its animals allegedly get onto Jawmin's property by going through Heritage Ranch's property. The complaint contained seven counts: (1) violation of Hawaii Revised Statutes (**HRS**) § 142-64 by Hokukano Ranch and Pace; (2) negligence against Hokukano Ranch and Pace; (3) trespass against Hokukano Ranch and Pace; (4) punitive damages against Hokukano Ranch and Pace; (5) petition for a fence under HRS Chapter 664 against all defendants; (6) declaratory judgment against Hokukano Ranch and Pace; and (7) injunctive relief against Hokukano Ranch and Pace.

Pace, Hokukano Ranch, Hokukano Forest, and Heritage Ranch moved for partial summary judgment on Jawmin's HRS Chapter 664 fence petition, and separately moved for partial summary judgment on Jawmin's claims for damages. Pace moved for summary judgment on all claims. The circuit court granted those motions.

Jawmin moved for partial summary judgment on its HRS Chapter 664 fence petition and declaratory judgment claims. The circuit court denied the motion.

The parties stipulated to dismiss Jawmin's claims for declaratory and injunctive relief.

---

[2] Mary Greenwell was also named as a defendant. She was dismissed by stipulation.

The circuit court entered a judgment. Jawmin appealed. The circuit court awarded costs to Pace, Hokukano Ranch, Hokukano Forest, and Heritage Ranch. We remanded for the circuit court to enter an amended judgment. The circuit court entered an amended judgment. We remanded for the circuit court to enter another amended judgment. The circuit court entered the Second Amended Final Judgment, which disposed of all claims by and against all parties and awarded costs to Pace, Hokukano Ranch, Hokukano Forest, and Heritage Ranch.[3]

**DISCUSSION**

Jawmin contends that the circuit court erred by: **(1)** denying its motion for partial summary judgment and granting the defendants' motion for partial summary judgment on the HRS Chapter 664 fence petition; **(2)** granting the defendants' motion for partial summary judgment on Jawmin's claim for damages; **(3)** granting Pace's motion for summary judgment; and **(4)** awarding costs to Pace, Hokukano Ranch, Hokukano Forest, and Heritage Ranch.

**(1)** The circuit court did not err by granting partial summary judgment on Jawmin's HRS Chapter 664 fence petition. We review a circuit court's grant or denial of summary judgment de novo using the same standard applied by the circuit court. Nozawa v. Operating Engineers Local Union No. 3, 142 Hawai'i 331, 338, 418 P.3d 1187, 1194 (2018). We "may affirm a grant of summary judgment on any ground appearing in the record, even if the circuit court did not rely on it." Reyes v. Kuboyama, 76 Hawai'i 137, 140, 870 P.2d 1281, 1284 (1994) (citations omitted); see also State v. Taniguchi, 72 Haw. 235, 239, 815 P.2d 24, 26 (1991) ("[W]e have consistently held that where the decision

---

[3] Pacific Makai doesn't appear to have filed its own dispositive motion or substantive joinders in the other defendants' motions. Nevertheless, judgment was entered in its favor and against Jawmin.

below is correct it must be affirmed by the appellate court even though the lower tribunal gave the wrong reason for its action." (citation omitted)).

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Nozawa, 142 Hawaiʻi at 342, 418 P.3d at 1198. A fact is material if proof of that fact would establish or refute an essential element of a cause of action or defense. Id. The evidence must be viewed in the light most favorable to the non-moving party. Id.

HRS § 664-21 (2016) allows a landowner who desires to fence their land or, having fenced the land, desires to provide for fence maintenance, to petition a circuit court. The petition must

> designate the land by name or description, the location thereof, and the boundary or boundaries desired to be fenced or the fence desired to be maintained; and shall designate the *adjoining* land or lands and state the name or names of the owners, lessees, and occupants thereof.

HRS § 664-21(b) (emphasis added).

> When the desired fence is intended for the purpose of confining animals of each *adjacent* owner . . . in their respective lands, the court shall decide equitably on the kind of fence to be built or maintained, to the end that trespass shall be prevented and that injury or damage to either party shall be reduced to the very minimum, and the portion or portions to be erected or maintained by either the respective land owners or any of the occupants or lessees of the particular parcels of land affected, insofar as their respective interests are concerned, or the share which each shall contribute to the cost thereof.

HRS § 664-23(b) (2016) (emphasis added).

The parties argue about whether use of the words *adjoining* and *adjacent* make HRS §§ 664-21 and 664-23 ambiguous; whether the definitions in Black's Law Dictionary or in Merriam-Webster's Unabridged Dictionary should be applied; whether the statutes should or must be read in pari materia with HRS § 142-

4

64[4] under HRS § 1-16[5]; and whether Jawmin's statutory interpretation would lead to absurd results.  See State v. Moon, 152 Hawaiʻi 195, 209, 524 P.3d 1219, 1233 (2023) ("If a literal construction of statutory language would produce an absurd result, we presume that result was not intended and construe the statute in accord with its underlying legislative intent." (citation omitted)).  None of those arguments are dispositive.

Interpretation of a statute is a question of law reviewed de novo.  Barker v. Young, 153 Hawaiʻi 144, 148, 528 P.3d 217, 221 (2023).  We start with the statute's language; "implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself."  Id. (citation omitted).

According to Jawmin's complaint, the fence it wants is to be "erected along the entirety of its western and southern boundaries[.]"  There is no dispute that: (a) Hokukano Ranch owns at least some of the trespassing animals; (b) Hokukano Ranch's property and Jawmin's property don't share a common boundary; (c) the properties owned by Hokukano Forest, Heritage Ranch, and Pacific Makai share common boundaries with Jawmin's property; but (d) Hokukano Forest, Heritage Ranch, and Pacific Makai don't own the trespassing animals.

---

[4]     HRS § 142-64 (2011) provides:

If any [cattle, horse, mule, ass, swine, sheep, or goat] trespasses on any unfenced cultivated ground, the owner thereof shall pay upon proof, the full amount of the damage or loss to the landowner or to any person in possession of the land, whoever suffers the damage or loss.

[5]     HRS § 1-16 (2009) provides:

Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other.  What is clear in one statute may be called in aid to explain what is doubtful in another.

By its terms, HRS § 664-23 applies when "the desired fence is intended for the purpose of confining animals of each adjacent owner . . . *in their respective lands*" (emphasis added). The fence Jawmin wants (along its western and southern boundaries) would confine Jawmin's animals (if it owned any) to Jawmin's land. But it wouldn't confine Hokukano Ranch's animals to Hokukano Ranch's land; the animals could still go onto land owned by Hokukano Forest, Heritage Ranch, and Pacific Makai. Hokukano Forest, Heritage Ranch, and Pacific Makai own no animals for a fence to confine; Jawmin made no argument about why those defendants should have to build or maintain a fence along their common property boundaries.

HRS §§ 664-21 and 664-23 have no application to the undisputed facts of this case. The circuit court did not err by granting the defendants' motion for partial summary judgment and denying Jawmin's motion for partial summary judgment on Jawmin's HRS Chapter 664 petition.

**(2)** The circuit court erred in part by granting the motion for partial summary judgment on damages filed by Pace, Hokukano Ranch, Hokukano Forest, and Heritage Ranch. It isn't clear why Hokukano Forest and Heritage Ranch were included as movants, because Jawmin's claims for damages were asserted against Hokukano Ranch and Pace only.

Jawmin's claims for damages were based on HRS § 142-64 and tort theories of negligence and trespass.[6] The motion argued that (a) Jawmin did not mitigate its damages, (b) Jawmin's claims for damages were barred by laches, and (c) Jawmin's claims for damages incurred before May 17, 2015, (two years before Jawmin filed its complaint) were barred by the statute of limitations.

---

[6] Jawmin's complaint alleged a cause of action for punitive damages, but a claim for punitive damages isn't an independent tort; it is purely incidental to a separate cause of action. Ross v. Stouffer Hotel Co. (Haw.), 76 Hawaiʻi 454, 466, 879 P.2d 1037, 1049 (1994).

Jawmin's memorandum in opposition addressed each argument.  The circuit court based its decision on the doctrine of laches,[7] so that is the only issue we will discuss.

In Hawaiʻi laches applies to both legal and equitable claims.  Ass'n of Apt. Owners of Royal Aloha v. Certified Mgmt., Inc., 139 Hawaiʻi 229, 235-36, 386 P.3d 866, 872-73 (2016).  A defendant asserting a laches defense must prove two things: (1) the plaintiff unreasonably delayed bringing their claim under the circumstances; and (2) the delay prejudiced the defendant. HawaiiUSA Fed. Credit Union v. Monalim, 147 Hawaiʻi 33, 42, 464 P.3d 821, 830 (2020).

For the first prong, "[l]apse of time alone does not constitute laches.  Since laches is an equitable defense, its application is controlled by equitable considerations."  Pelosi v. Wailea Ranch Ests., 91 Hawaiʻi 478, 491, 985 P.2d 1045, 1058 (1999) (cleaned up).  Jawmin acquired its property in 2010 and claimed to have "had repeated conversations with the Hokukano Defendants and sent numerous emails and letters" about Hokukano Ranch's trespassing animals starting in 2010.  Jawmin's lawsuit wasn't filed until 2017.  Jawmin's interrogatory answers stated that "Defendant Pace and other representatives of Hokukano Defendants repeatedly stated that they would address the issue [of the trespassing animals], often assuring that they had ordered the materials to build a fence."  "After years of inaction by the Hokukano Defendants, [Jawmin]'s counsel sent a series of letters (dated April 7, 2017, May 31, 2017, and August 28, 2017) to Hokukano Defendants requesting the removal of the Trespassing Animals and that remedial action commence

---

[7]     The circuit court orally ruled: "I would find under the doctrine of laches that the defendants are prejudiced so the Court will grant those [sic] motion as on that basis."  The order granting the motion stated: "Plaintiff's claims for damages against Defendants . . . are barred in their entirety by the doctrine of laches.  As the Court grants Defendants' Motion on the basis of laches, this Order does not address either of Defendants' alternative grounds[.]"

immediately." Viewed in the light most favorable to Jawmin, the evidence shows a genuine issue of material fact about whether Jawmin's delay in filing suit was reasonably induced by Hokukano Ranch's and Pace's alleged repeated promises to address the trespassing animal issue and to build a fence.

For the second prong, "[w]hat qualifies as prejudice for purposes of the laches doctrine invariably depends on the facts and circumstances of a particular case, but it is ordinarily understood as anything that places the defendant in a less favorable position." Monalim, 147 Hawaiʻi at 42, 464 P.3d at 830 (cleaned up). Hokukano Ranch and Pace argued that evidence about alleged damages to Jawmin's "prior forestry operations" has been lost, and "memories have faded." However, Hokukano Ranch and Pace acknowledge that evidence from Jawmin's bankruptcy case (filed in 2010), a 2014 report by Tom Baribault, Ph.D., and a 2017 report by R.S. Senock, Ph.D. support its defenses to Jawmin's damage claims. There was a genuine issue of material fact whether Jawmin's delay in filing suit actually prejudiced Hokukano Ranch or Pace and, if so, to what extent. The record indicates that the delay — and resultant loss of potential evidence — could actually have prejudiced Jawmin's ability to prove damages. We conclude that the circuit court erred by granting summary judgment to Hokukano Ranch and Pace based on laches.

**(3)** The circuit court erred in part by granting Pace's motion for summary judgment. Pace's motion argued that (a) he didn't own the animals that allegedly trespassed on Jawmin's property, and (b) Hokukano Ranch wasn't his alter ego. There were genuine issues of material fact about whether Pace negligently oversaw Hokukano Ranch's operations, and whether Pace's alleged negligence caused damage to Jawmin's property. However, the circuit court did not err by granting partial summary judgment on Jawmin's theory of alter ego liability,

8

because Jawmin did not offer evidence to support its claim that Hokukano Ranch was Pace's alter ego.

**(a)** Pace stated that he owned no animals kept on Hokukano Ranch property, and owned no livestock in Hawaiʻi. Jawmin offered Pace's deposition testimony that he "oversees the ranching operations" of Hokukano Ranch and was aware that Hokukano Ranch's "animals sometimes wander onto lots now owned by other people" including Jawmin. An officer, director, shareholder, manager, or employee of a corporation can be personally liable for the corporation's tortious conduct if there was "active or passive participation" in the tortious conduct. Cahill v. Hawaiian Paradise Park Corp., 56 Haw. 522, 526, 543 P.2d 1356, 1360 (1975); E. Star, Inc., S.A. v. Union Bldg. Materials Corp., 6 Haw. App. 125, 134-35, 712 P.2d 1148, 1155 (1985); see also Burgess v. Arita, 5 Haw. App. 581, 594, 704 P.2d 930, 939 (1985) (holding that corporate officers or directors who participate in tortious conduct aren't shielded by the corporation and will be personally liable). Viewed in the light most favorable to Jawmin, there was a genuine issue of material fact about whether Pace negligently oversaw Hokukano Ranch's operations by letting Hokukano Ranch's animals trespass on, and cause damage to, Jawmin's property. The circuit court erred by granting partial summary judgment for Pace on Jawmin's claims of negligence and trespass.

**(b)** But the circuit court did not err by granting partial summary judgment for Pace on Jawmin's HRS § 142-64 claim. The statute applies only to owners of trespassing animals. Jawmin offered no evidence that Pace owned the allegedly trespassing animals.

Jawmin's alternate theory of liability against Pace was based on Hokukano Ranch being Pace's alter ego.

> A claim based on the alter ego theory is not in itself a claim for substantive relief, but rather to disregard the corporation as a distinct defendant is

> procedural.[8]  A finding of fact of alter ego . . .
> furnishes a means for a complainant to reach a[n]
> . . . individual upon a cause of action that otherwise
> would have existed only against the . . . corporation.
> . . . *One who seeks to disregard the corporate veil*
> *must show that the corporate form has been abused to*
> *the injury of a third person*.
>
> Courts apply the alter ego doctrine with great caution and
> reluctance.  In fact, many courts require exceptional
> circumstances before disregarding the corporate form.

Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Transp. Co., 91
Hawaiʻi 224, 241, 982 P.2d 853, 870 (1999) (citation omitted),
superseded on other grounds by statute as noted in Haw. Med.
Ass'n v. Haw. Med. Serv. Ass'n, Inc., 113 Hawaiʻi 77, 107, 148
P.3d 1179, 1209 (2006).

Many factors can be considered to determine whether a
corporation is the alter ego of a person, and no single factor is
dispositive.  Calipjo v. Purdy, 144 Hawaiʻi 266, 277 & n.23, 439
P.3d 218, 229 & n.23 (2019) (listing 25 factors to consider in
determining whether a corporation is the alter ego of a person).
But a two-part test must be satisfied:

> It must be made to appear that [1] the corporation is not
> only influenced and governed by that person, but that there
> is such a unity of interest that the individuality, or
> separateness, of such person and corporation has ceased, and
> [2] that the facts are such that an adherence to the fiction
> of the separate existence of the corporation would, under
> the particular circumstances, **sanction a fraud or promote**
> **injustice**.

Id. at 277, 439 P.3d at 229 (cleaned up) (emphasis added).

Jawmin's memorandum opposing Pace's motion listed
several facts it contended "clearly show that [Jawmin]'s claims
of Pace's personal liability are grounded in the Robert's Hawaii
factors[.]"  However, even viewed in the light most favorable to

_____

    [8]    Pace argues that Jawmin failed to plead an alter ego theory of
liability.  Hawaiʻi is a notice pleading jurisdiction; it wasn't necessary for
Jawmin's complaint to "plead legal theories with precision."  Bank of Am.,
N.A. v. Reyes-Toledo, 143 Hawaiʻi 249, 259, 428 P.3d 761, 771 (2018) (cleaned
up).

Jawmin, there is no evidence showing that Hokukano Ranch's "corporate form has been abused to the injury of" Jawmin, Robert's Haw., 91 Hawaiʻi at 241, 982 P.2d at 870 (emphasis omitted), or that failing to recognize that Hokukano Ranch was Pace's alter ego would "sanction a fraud or promote injustice[,]" Calipjo, 144 Hawaiʻi at 277, 439 P.3d at 229 (citation omitted). Jawmin presented no evidence that, for example, Hokukano Ranch was undercapitalized or would otherwise be unable to satisfy a judgment for damages because of acts or omissions by Pace. We conclude that the circuit court did not err by granting partial summary judgment for Pace on Jawmin's theory of alter ego liability.

**(4)** The circuit court erred by awarding costs to Pace, Hokukano Ranch, Hokukano Forest, and Heritage Ranch in a lump sum. Those defendants sought to recover their costs as prevailing parties, under Hawaiʻi Rules of Civil Procedure Rule 54(d). But only Hokukano Forest and Heritage Ranch are prevailing parties. We vacate the unapportioned award of costs.

**CONCLUSION**

For these reasons, the Second Amended Final Judgment is affirmed as to Kealakekua Heritage Ranch, LLC, Pacific Makai Property Management, LLC, and Hokukano Forest Partners LLC, but vacated as to Thomas Pace and Hokukano Ranch, Inc. The partial summary judgment on count 1 (HRS § 142-64) is affirmed as to Thomas Pace but vacated as to Hokukano Ranch, Inc. The partial summary judgments on counts 2 through 4 are vacated as to Pace and Hokukano Ranch. The partial summary judgment on count 5 (HRS Chapter 664) is affirmed (counts 6 and 7 were dismissed by stipulation). This case is remanded to the circuit court for

further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, November 30, 2023.

On the briefs:

Leroy E. Colombe,
Winston I. Wong,
for Plaintiff/Appellant.

William M. Harstad,
Derek B. Simon,
Erika S. Gustin,
for Defendants/Appellees
Hokukano Ranch, Inc., Thomas
Pace, Kealakekua Heritage Ranch, LLC,
and Hokukano Forest Partners LLC.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge