**STATE OF HAWAII**, Plaintiff–Appellant, v. **GLENN HISAO TANIGUCHI**, Defendant–Appellee

NO. 14890

(CASE NO. TRP48 OF 9/11/90)

JULY 18, 1991

LUM, C.J., PADGETT, HAYASHI,
WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY HAYASHI, J.

I.

The State of Hawaii (State) appeals from an order entered in the District Court of the First Circuit granting Defendant–Appellee Glenn Hisao Taniguchi's (Defendant) motion to dismiss the charge of Refusing To Submit To An Alcohol Content Test in violation of Hawaii Revised Statutes (HRS) § 286–155 (1985). We affirm.

II.

Defendant was arrested for Driving Under the Influence of Intoxicating Liquor (DUI) on December 7, 1989. After Defendant arrived at the police station, he refused to submit to a breath or blood test and was charged with Refusing To Submit To An Alcohol Content Test in violation of HRS § 286–155.

On February 2, 1990, Defendant filed a motion to dismiss the charge on the ground that his right to counsel had been violated because he was not given the opportunity to consult with counsel prior to refusing to take a breath or blood test. On September 11, 1990, a hearing was held on Defendant's motion. The sole evidence at the hearing was Defendant's own testimony.

Defendant testified that he arrived at the police station at 10:15 p.m. on December 7, 1989. After arriving at the station, a police officer asked Defendant whether he could read and write English. Defendant answered affirmatively, and the officer then asked Defendant to read and complete HPD Form 245, "Advising Persons Of The Requirements Of The Implied Consent Law."

Defendant testified that he read the form to himself and understood its contents. After reading the form once, he asked the police officer if he could consult with an attorney. The officer responded by telling Defendant, "first fill out the document." Defendant read

the form a second time. Again he asked the officer if he could consult with an attorney. The officer responded by telling Defendant, "[j]ust fill out the form and notate [the request] in the Remarks column." Defendant proceeded to reread the form a third time and marked that he refused to take the test. Under the Remarks column Defendant wrote, "I want to consult an attorney as to what I should do." The officer never explained to Defendant that he had no right to consult with an attorney before taking a breath or blood test. After signing the implied consent form, Defendant made a call to his attorney but was unable to reach him.

Defendant acknowledged that the officer never told him he had a right to consult with an attorney. However, Defendant did testify that after he was arrested he thought he had a right to an attorney and he wanted the advice of an attorney as to what he should do.

Following his testimony, Defendant asked the court to dismiss the charge. Defendant argued that even though the officer did not advise him of his *Miranda* rights, he thought he had a right to an attorney, he asked for an attorney and was not informed that *Miranda* did not apply to implied consent proceedings.

The State responded that under *State v. Severino*, 56 Haw. 378, 537 P.2d 1187 (1975), the State is not required to allow the defendant to consult with an attorney prior to submitting to a breath or blood test and no rights of the defendant were violated. The State also contended that Defendant understood the form, thus his refusal was an informed choice.

After hearing arguments, the court granted Defendant's motion. The court stated, "[j]ust the same, the Court feels that [Defendant] should've had an opportunity to talk to an attorney before he signed the form."

## III.

On appeal, the State argues that the trial court's ruling was incorrect because a defendant is not entitled to consult with an

attorney before he makes a decision regarding the implied consent form. The State urges this court to reverse the district court's dismissal of the charge against Defendant in this case.

## IV.

Under Hawaii's implied consent law, a person who operates a motor vehicle is deemed to have given his consent to the testing of the person's breath or blood to determine its blood alcohol content. HRS § 286–155. A person's refusal to submit to testing constitutes grounds for revocation of his driving privileges after a hearing which establishes, (1) that the person was lawfully arrested for DUI; (2) the person was apprised of the sanctions for refusing the test; and (3) the person did in fact refuse to be tested. HRS § 286–156.

In *State v. Severino*, 56 Haw. 378, 537 P.2d 1187 (1975), the defendant was arrested for DUI and transported to the police station where he was given *Miranda* warnings and the requirements and sanctions of the implied consent law. He then refused to answer any questions or take any tests until he spoke to an attorney. At no time did the officer explain that his right to counsel and his right to remain silent were inapplicable to implied consent proceedings.

In *Severino*, we held that actions taken under the implied consent law are civil in nature, and thus, a person arrested for DUI is not entitled to consult with counsel before submitting to the chemical test prescribed by the implied consent statute. 56 Haw. at 380–81, 537 P.2d at 1189. However, we concluded that where *Miranda* warnings are given, in order to prevent confusion on the part of the arrested person, the officer is required to explain that the person's right to counsel does not apply when he is determining whether or not to submit to a chemical test. *Id.* We further held that the burden is upon the defendant to establish that he was

confused as to his right to consult with an attorney, and this confusion led to his refusal of any chemical tests. 56 Haw. at 382, 537 P.2d at 1190. In *Severino*, we determined that the defendant was confused as to his right to consult with an attorney before he submitted to a chemical test, therefore, his failure to submit to testing under those circumstances was not a refusal under the law. *Id.*

As stated in *Severino*, it is the defendant's burden to establish that his confusion regarding his right to consult with an attorney led to his refusal of a chemical test. In the instant case, we find that Defendant met his burden and established that he was confused as to his right to consult with an attorney and this confusion led to his refusal of a breath or blood test.

Despite the fact that the officer did not read Defendant his *Miranda* rights, Defendant thought he had a right to consult with an attorney at the time of his arrest. Defendant asked the arresting officer two separate times if he could speak to an attorney before making a decision. He also noted on the implied consent form that he wished to consult with an attorney prior to deciding whether he should submit to testing. Under these circumstances, the officer should have explained that under Hawaii law Defendant had no right to consult with an attorney before making a decision under the implied consent statute.[1] Therefore, we hold that where an arrested person asserts a belief that he is entitled to consult with counsel before submitting to a breath or blood test under Hawaii's implied consent law, the police officer must explain that the person has no right to consult with counsel under Hawaii law.

We recognize that the District Court's decision to dismiss the implied consent charge was based upon the court's reasoning that Defendant's right to counsel was violated because he was forced to

---

[1] At oral argument before this court, the State agreed that it would have been more appropriate for the officer to tell Defendant that he had no right to consult with counsel.

sign HPD Form 245 without the benefit of counsel. However, we have consistently held that where the decision below is correct it must be affirmed by the appellate court even though the lower tribunal gave the wrong reason for its action. *State v. Rodrigues*, 68 Haw. 124, 134, 706 P.2d 1293, 1300 (1985) (citing *Agsalud v. Lee*, 66 Haw. 425, 430, 664 P.2d 734, 738 (1983)).

The evidence presented to the court below supports the finding that Defendant did not effectively refuse to submit to a breath or blood test for purposes of the implied consent law and the trial court properly dismissed the charged offense. We, therefore, affirm the dismissal.

*James M. Anderson*, Deputy Prosecuting Attorney, for Plaintiff–Appellant.

*Peter Van Name Esser* (*Alvin T. Sasaki* on the brief), for Defendant–Appellee.