**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000833
27-JUN-2024
08:00 AM
Dkt. 144 SO**

NO. CAAP-19-0000833

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MARK C. KELLBERG, Plaintiff-Appellant,
v.
ZENDO KERN, in his capacity as Planning Director, County of
Hawaii; COUNTY OF HAWAII; MICHAEL PRUGLO, indivicually
and dba HOME TECH CONSTRUCTION; CHRISTIE D. GUASTELLA
and JOHN H. PAYNE, II; GLENN ISAO TAKEMOTO;
MICHAEL DANIEL LOCK and MARY ANN LOCK;
NIKOLAY PRUGLO; BECKY ANN McQUIRE TRUST;
FRANCES SANTA MARIA TRUST, Defendants-Appellees,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE
PARTNERSHIPS, CORPORATIONS, GOVERNMENTAL UNITS
OR OTHER ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC071000157)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Mark C. **Kellberg** appeals from the **Final Judgment** for
the **County** of Hawai'i, its **Planning Director**,[1] and others,

---

[1]     Christopher J. Yuen was the County planning director when Kellberg
filed suit.  Duane Kanuha succeeded Yuen and was automatically substituted as
the defendant under Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 43(c)(1).
Zendo Kern succeeded Kanuha and is the current Defendant-Appellee.

entered by the Circuit Court of the Third Circuit on November 4, 2019.[2]  We affirm.

The facts of this case were summarized in <u>Kellberg v. Yuen</u>, 131 Hawaiʻi 513, 319 P.3d 432 (2014) (**Kellberg I**), and <u>Kellberg v. Yuen</u>, 135 Hawaiʻi 236, 349 P.3d 343 (2015) (**Kellberg II**).  In April 2005 Michael **Pruglo** applied to the County to consolidate and resubdivide lots on a 49-acre **Property** in Nīnole.  <u>Kellberg I</u>, 131 Hawaiʻi at 516, 319 P.3d at 435.  The County **Planning Director** approved the application on July 11, 2005.  <u>Id.</u>  The first lot was sold on October 19, 2005.  <u>Id.</u> at 517, 319 P.3d at 436.

Kellberg owned land next to the Property.  He learned of the subdivision approval on August 11, 2005.  <u>Kellberg I</u>, 131 Hawaiʻi at 517, 319 P.3d at 436.  He objected to the subdivision. He claimed it violated **Chapter 23** of the Hawaiʻi County Code by increasing the number of lots on the Property.  <u>Kellberg II</u>, 135 Hawaiʻi at 237, 349 P.3d at 344.  He sued the County and the Planning Director on May 11, 2007.  He didn't name Pruglo or any of the subdivision's **Lot Owners** as defendants;[3] he made a "strategic decision" not to sue Lot Owners because he didn't think they were "necessary parties to the action."  <u>Id.</u> at 248, 349 P.3d at 355.  His complaint sought a declaration that the subdivision was illegal and void; a mandatory injunction requiring the County to comply with Chapter 23; and damages for "materially and adversely impacting [his] property both in monetary value and in use and enjoyment."

Kellberg moved for an injunction.  The circuit court denied the motion; it found the "owners of the subdivided property are indispensible [sic] parties to this action as required under Rule 19 of the Hawaiʻi Rules of Civil Procedure"

---

[2]        The Honorable Henry T. Nakamoto presided.

[3]        The Lot Owners are Pruglo, individually and doing business as Home Tech Construction; Christie D. Guastella; John H. Payne, II; Glenn Isao Takemoto; Michael Daniel Lock; Mary Ann Lock; Nikolay Pruglo; Becky Ann McGuire Trust; and Frances Santa Maria Trust.

(**HRCP**).  Kellberg then moved to amend his complaint to add Lot Owners as defendants.  The circuit court granted the motion on March 3, 2011, but Kellberg did not file an amended complaint.  Kellberg II, 135 Hawaiʻi at 246, 349 P.3d at 353.

The circuit court eventually granted summary judgment for the County and Planning Director.  Kellberg appealed.  We held the subdivision approval was invalid.  Kellberg v. Yuen, No. CAAP-12-0000266, 2014 WL 1271028 (Haw. App. Mar. 28, 2014) (mem. op.), vacated by Kellberg II, 135 Hawaiʻi 236, 349 P.3d 343 (2015) (**Memorandum Opinion**).  On certiorari, the supreme court stated we erred by ruling on the merits of Kellberg's claim without addressing whether the Lot Owners had to be joined under HRCP Rule 19.  Kellberg II, 135 Hawaiʻi at 238, 349 P.3d at 345.  The supreme court held that Lot Owners were persons to be joined if feasible under HRCP Rule 19(a) because Kellberg sought to have the subdivision declared void.  Id.  The supreme court remanded the case to the circuit court.  The mandate was:

> [T]he circuit court must order that the lot owners be made parties if feasible pursuant to HRCP Rule 19(a).  If it is not feasible to join the lot owners, the circuit court must then determine, based on consideration of the factors set forth in Rule 19(b), whether the action should proceed or should be dismissed.

Id. at 254, 349 P.3d at 361.

On remand, Kellberg filed an **Amended Complaint** on December 2, 2015, adding Lot Owners as defendants and omitting his claim for damages.  He sought a declaration that the subdivision approval was invalid; an injunction against further development of the subdivision; and an injunction against Lot Owners trespassing on his property.  Each Lot Owner was served.  Kellberg moved for partial summary judgment based on our Memorandum Opinion's holding that the subdivision approval was invalid.  The circuit court denied the motion.

Various Lot Owners moved for partial summary judgment, or joined, based on the statute of limitations.  The circuit court granted the motions and joinders.  Kellberg's trespass

3

claim was voluntarily dismissed without prejudice. The circuit court entered findings of fact, conclusions of law, and an order dismissing the Amended Complaint on July 23, 2019. The Final Judgment was entered on November 4, 2019. This appeal followed.

Kellberg contends the circuit court erred by: **(1)** denying his motion for a partial summary judgment declaring the subdivision approval invalid; **(2)** concluding the statute of limitations had run on his claims against Lot Owners; and **(3)** dismissing his Amended Complaint after concluding that Lot Owners were indispensable parties.

**(1)** Kellberg argues the circuit court should have followed our Memorandum Opinion and granted his motion for a partial summary judgment declaring the subdivision approval invalid because "[n]othing material has changed[.]" But it has. The supreme court vacated the Memorandum Opinion because we didn't address whether Lot Owners were persons needed for just adjudication under HRCP Rule 19 before reaching the merits. Kellberg II, 135 Hawaiʻi at 238, 349 P.3d at 345. The supreme court concluded Lot Owners *were* needed for just adjudication. Id. at 252-53, 349 P.3d at 359-60.

"A declaratory judgment is a form of equitable relief." Kau v. City & Cnty. of Honolulu, 104 Hawaiʻi 468, 473, 92 P.3d 477, 482 (2004) (citation omitted). "The relief granted by a court in equity is discretionary and will not be overturned on review unless the circuit court abused its discretion[.]" Id. (cleaned up). It would have been inequitable for the circuit court to grant the declaratory relief sought by Kellberg under the circumstances of this case. Kellberg unreasonably delayed joining Lot Owners. The order letting him amend his complaint was entered on March 3, 2011 — before the statute of limitations on his claims against Lot Owners would have expired. "Kellberg should have filed the amended complaint once approved by the circuit court." Kellberg II, 135 Hawaiʻi at 253 n.15, 349 P.3d at 360 n.15 (citing HRCP Rule 15(a)(2)). He didn't file the Amended Complaint until December 2, 2015. By then, the statute

of limitations against Lot Owners had expired. That prejudiced the County. Lot Owners would not be bound by a judgment declaring the subdivision invalid. The supreme court recognized that could "leave the County Defendants subject to a substantial risk of incurring double, multiple, or inconsistent obligations. For example, if the subdivision is rendered invalid, the lot owners will likely seek their own relief from the County Defendants." Id. at 253, 349 P.3d at 360 (cleaned up). Kellberg says "he does not much care whether the unlawful lots continue to exist on the County's records, or who pays the real estate tax. It is enough that they remain *as they are today* and that the code not be *further abrogated* by way of the *erection of nonconforming dwellings*." (Emphasis added.)

That is the problem. If Kellberg prevailed against the County, and the County tried to enjoin Lot Owners from erecting dwellings, Lot Owners could sue the County for depriving them of constitutionally protected property interests. See In re Application of Maui Elec. Co., 141 Hawaiʻi 249, 260, 408 P.3d 1, 12 (2017) (noting that "a protected property interest exists in a benefit — tangible or otherwise — to which a party has 'a legitimate claim of entitlement.'" (citations omitted)). Conversely, if the County let Lot Owners develop their lots, or failed to assess fines or penalties against those who developed their lots, Kellberg could sue the County again. Under these circumstances, it would have been inequitable to grant Kellberg the declaratory relief he sought. The circuit court did not abuse its discretion by denying Kellberg's motion for partial summary judgment.

**(2)** The circuit court concluded Kellberg's claim for declaratory relief against Lot Owners was time-barred. The court did not specify which statute of limitations it applied. In a case seeking declaratory relief on a government contract award, Chief Justice Recktenwald noted:

> HRS § 632-1 does not impose any time limitations on declaratory judgment actions. It would appear that a

> declaratory judgment action challenging an agency's reconsideration decision on a procurement protest would be subject to the general statutes of limitations set forth in HRS chapter 657, which may be as long as six years.

Alakaʻi Na Keiki, Inc. v. Matayoshi, 127 Hawaiʻi 263, 301, 277 P.3d 988, 1026 (2012) (Recktenwald, C.J., concurring in part) (footnote omitted) (citing HRS § 657-1(4) (1993)).

Lot Owners argued Kellberg's claims were time-barred under HRS § 657-1's 6-year catch-all provision. Kellberg's cause of action accrued at the latest on August 11, 2005, when he learned of the subdivision approval. His Amended Complaint was not filed until December 2, 2015. Kellberg argues the statute of limitations should be tolled because Lot Owners' "'continuing' or 'ongoing' wrongful conduct is 'not referable exclusively to the time when the [action] first occurred[.]" But it is.

> Hawaiʻi has long recognized that a continuing wrong may, in effect, toll the statute of limitations with respect to ***tortious conduct*** that is ongoing. Under the continuing tort doctrine, while the statute of limitations is "tolled" by a continuing tortious act, recovery may be had only for damages accruing within the statutory period before the action, but <u>not</u> for damages accrued prior to that period. In effect, the date that the tort "first accrues" moves forward into the future so long as the tortious conduct continues.

Garner v. State, Dep't of Educ., 122 Hawaiʻi 150, 168, 223 P.3d 215, 233 (App. 2009) (emphasis added) (footnote and citation omitted). Here, Lot Owners' only allegedly tort was trespass. Kellberg dismissed that claim before entry of the Final Judgment. Lot Owners committed no other alleged tort for which damages could be awarded; they just own lots in a County-approved subdivision. Even if the *County's* approval was improper, the continuing tort doctrine does not apply to Kellberg's claims against *Lot Owners*.

Kellberg argues the "wrong" is "continuing" because the County "continues to do nothing about the invalid subdivision." But the statute of limitations was not applied to bar Kellberg's claims against the County. The circuit court was not wrong to

conclude that Kellberg's claim for declaratory relief against Lot Owners was time-barred.[4]

**(3)** The circuit court's July 23, 2019 findings, conclusions, and order dismissed Kellberg's Amended Complaint after "[a]pplying the factors in HRCP [Rule] 19(b)" and concluding Lot Owners were indispensable parties. Kellberg argues that "[t]he circuit court did not support its conclusion that Lot Owners are 'indispensable' parties under Rule 19(b)[.]" We conclude the circuit court erred by applying HRCP Rule 19(b), but did not err by dismissing the Amended Complaint.

The supreme court held that Lot Owners were necessary for a just adjudication under HRCP Rule 19(a). Kellberg II, 135 Hawaiʻi at 252-53, 349 P.3d at 359-60. An HRCP Rule 19(b) determination of whether they were indispensable had to be made only if "it is not *feasible* to join [them] to the lawsuit[.]" Civ. Beat L. Ctr. for the Pub. Int., Inc. v. City & Cnty. of Honolulu, 144 Hawaiʻi 466, 484, 445 P.3d 47, 65 (2019) (quoting Marvin v. Pflueger, 127 Hawaiʻi 490, 499, 280 P.3d 88, 97 (2012)) (emphasis added). HRCP Rule 19(a) "implies that feasibility is determined by whether a person is subject to service of process, rather than the likelihood of success on the merits." Kellberg II, 135 Hawaiʻi at 254, 349 P.3d at 361.

Here, Lot Owners *were* subject to service of process. Joinder was feasible. All were served with the Amended Complaint. The circuit court's conclusion that "as a consequence [of their statute of limitations defense], the Lot Owners cannot be made parties to Count I of the *First Amended Complaint*" was wrong. Lot Owners were parties. Once they were joined as parties, it was unnecessary to make an HRCP Rule 19(b) determination of indispensability.

---

[4] Although declaratory relief is equitable in nature, "with the merger of law and equity there is no longer a good reason to distinguish between the legal and equitable character of defenses[.]" Ass'n of Apartment Owners of Royal Aloha v. Certified Mgmt., Inc., 139 Hawaiʻi 229, 235-36, 386 P.3d 866, 872-73 (2016) (citation omitted). See HRCP Rule 2 ("There shall be one form of action to be known as 'civil action'.").

The supreme court has "consistently held that where the decision below is correct it must be affirmed by the appellate court even though the lower tribunal gave the wrong reason for its action." State v. Taniguchi, 72 Haw. 235, 239, 815 P.2d 24, 26 (1991) (citation omitted); cf. Reyes v. Kuboyama, 76 Hawai'i 137, 140, 870 P.2d 1281, 1284 (1994) (noting that appellate court "may affirm a grant of summary judgment on any ground appearing in the record, even if the circuit court did not rely on it"). Under the circumstances of this case, the circuit court's decision to dismiss the Amended Complaint wasn't wrong. Kellberg's claims against the County and Planning Director are moot.

"[A] case is moot if the reviewing court can no longer grant effective relief." Bank of New York Mellon v. R. Onaga, Inc., 140 Hawai'i 358, 366, 400 P.3d 559, 567 (2017). The relief Kellberg seeks cannot bind Lot Owners. Any declaratory or injunctive relief Kellberg obtained against the County and Planning Director couldn't be enforced against Lot Owners. Kellberg's case became moot when he did not join Lot Owners before the statute of limitations against them expired.

For these reasons, the Final Judgment entered by the circuit court on November 4, 2019, is affirmed.

DATED: Honolulu, Hawai'i, June 27, 2024.

On the briefs:

Robert H. Thomas,
Mark M. Murakami,
Joanna C. Zeigler,
Veronica A. Nordyke,
for Plaintiff-Appellant.

D. Kaena Horowitz,
Deputy Corporation Counsel,
for Defendants-Appellees
Zendo Kern and the County
of Hawai'i.

Francis L. Jung,
Carol Monahan Jung,
for Defendants-Appellees

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

Michael Pruglo, Nikolay
Pruglo and Frances Santa
Maria Trust.

Charles A. Price,
for Defendants-Appellees
Michael Daniel Lock and
Mary Ann Lock.

John G. Horak,
for Defendants-Appellees
Christie D. Guastella and
John Payne II.