NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000576**
**24-SEP-2024**
**08:39 AM**
**Dkt. 80 MO**

NOS. CAAP-20-0000576, CAAP-20-0000577 and CAAP-20-0000578

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

### CAAP-20-0000576

BERNARDO PANUELOS, Plaintiff-Appellant,
and
CATHERINE BOYD; STEPHEN BURGSTALLER; CRISTINA
BURGSTALLER; JACQUELINE BUI; MARIETTA B. HICKEY
aka MARIETTA BOMBARDIERI; PAMELA B. SHULTS;
ANDRICK C.Y. TONG; BARBARA J.K. DUARTE;
BRUCE A. FOX; STEVEN V. TAYLOR; MIA B. TAYLOR;
SHELLEY M. BUCK; FARZAD AZAD; KATHRYN M. AZAD;
GARY W. FEINER; MICHAEL J. HILLINGER;
and LISA M. HILLINGER, Plaintiffs-Appellees,
v.
BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; HIGHTECHLENDING, INC.;
DAVID FUGATE; AMERICAN SAVINGS BANK, F.S.B.;
JEFFREY T. DANA; JENNIFER M. HAGUE; MATTHEW ROBERT BUSH;
HEATHER NOEL BENNETT; QUICKEN LOANS, INC.; MARK BURROWES;
RONALD K. SCOTT; SHERYL RAE SCOTT; PROVIDENT FUNDING
ASSOCIATES, L.P.; DEREK D. KAWAIAEA; ACADEMY MORTGAGE
CORPORATION; FERNANDO FRONDA; EVERGREEN MONEYSOURCE
MORTGAGE COMPANY; ALVIN LEO SIPE AND SUSAN KITANIK SIPE,
INDIVIDUALLY AND AS TRUSTEES OF THE BLACK INK TRUST DATED
DECEMBER 27, 2016; GABRIEL L. BONDE; FRANK WHITNEY MacLEAN
AND PAMLA HAY MacLEAN, INDIVIDUALLY AND AS TRUSTEES
OF THE FRANK WHITNEY MacLEAN AND PAMLA HAY MacLEAN
REVOCABLE LIVING TRUST DATED NOVEMBER 3, 2004;
CHARLES Z. FEDAK; MERI L. FEDAK; CLAYTON T. HAUSEUR
AND GRACE K. HAUSEUR, INDIVIDUALLY AND AS
TRUSTEES OF THE HAUSEUR FAMILY TRUST DATED
JANUARY 17, 2008; WELLS FARGO BANK, N.A.,
Defendants-Appellees;
and DOE DEFENDANTS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CC191000153)

and

**CAAP-20-0000577**
MICHAEL J. HILLINGER and LISA M. HILLINGER,
Plaintiffs-Appellants,
and
CATHERINE BOYD; STEPHEN BURGSTALLER; CRISTINA
BURGSTALLER; JACQUELINE BUI; MARIETTA B. HICKEY
aka MARIETTA BOMBARDIERI; PAMELA B. SHULTS;
ANDRICK C.Y. TONG; BARBARA J.K. DUARTE;
BRUCE A. FOX; STEVEN V. TAYLOR; MIA B. TAYLOR;
SHELLEY M. BUCK; FARZAD AZAD; KATHRYN M. AZAD;
GARY W. FEINER; BERNARDO PANUELOS,
Plaintiffs-Appellees,
v.
BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; HIGHTECHLENDING, INC.;
DAVID FUGATE; AMERICAN SAVINGS BANK, F.S.B.;
JEFFREY T. DANA; JENNIFER M. HAGUE; MATTHEW ROBERT BUSH;
HEATHER NOEL BENNETT; QUICKEN LOANS, INC.; MARK BURROWES;
RONALD K. SCOTT; SHERYL RAE SCOTT; PROVIDENT FUNDING
ASSOCIATES, L.P.; DEREK D. KAWAIAEA; ACADEMY MORTGAGE
CORPORATION; FERNANDO FRONDA; EVERGREEN MONEYSOURCE
MORTGAGE COMPANY; ALVIN LEO SIPE AND SUSAN KITANIK SIPE,
INDIVIDUALLY AND AS TRUSTEES OF THE BLACK INK TRUST DATED
DECEMBER 27, 2016; GABRIEL L. BONDE; FRANK WHITNEY MacLEAN
AND PAMLA HAY MacLEAN, INDIVIDUALLY AND AS TRUSTEES
OF THE FRANK WHITNEY MacLEAN AND PAMLA HAY MacLEAN
REVOCABLE LIVING TRUST DATED NOVEMBER 3, 2004;
CHARLES Z. FEDAK; MERI L. FEDAK; CLAYTON T. HAUSEUR
AND GRACE K. HAUSEUR, INDIVIDUALLY AND AS
TRUSTEES OF THE HAUSEUR FAMILY TRUST DATED
JANUARY 17, 2008; WELLS FARGO BANK, N.A.,
Defendants-Appellees;
and DOE DEFENDANTS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CC191000153)

and

**CAAP-20-0000578**
JACQUELINE BUI, Plaintiff-Appellant,
and
CATHERINE BOYD; STEPHEN BURGSTALLER; CRISTINA
BURGSTALLER; MARIETTA B. HICKEY
aka MARIETTA BOMBARDIERI; PAMELA B. SHULTS;
ANDRICK C.Y. TONG; BARBARA J.K. DUARTE;
BRUCE A. FOX; STEVEN V. TAYLOR; MIA B. TAYLOR;
SHELLEY M. BUCK; FARZAD AZAD; KATHRYN M. AZAD;
GARY W. FEINER; BERNARDO PANUELOS;

MICHAEL J. HILLINGER; and LISA M. HILLINGER,
Plaintiffs-Appellees,
v.
BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; HIGHTECHLENDING, INC.;
DAVID FUGATE; AMERICAN SAVINGS BANK, F.S.B.;
JEFFREY T. DANA; JENNIFER M. HAGUE; MATTHEW ROBERT BUSH;
HEATHER NOEL BENNETT; QUICKEN LOANS, INC.; MARK BURROWES;
RONALD K. SCOTT; SHERYL RAE SCOTT; PROVIDENT FUNDING
ASSOCIATES, L.P.; DEREK D. KAWAIAEA; ACADEMY MORTGAGE
CORPORATION; FERNANDO FRONDA; EVERGREEN MONEYSOURCE
MORTGAGE COMPANY; ALVIN LEO SIPE AND SUSAN KITANIK SIPE,
INDIVIDUALLY AND AS TRUSTEES OF THE BLACK INK TRUST DATED
DECEMBER 27, 2016; GABRIEL L. BONDE; FRANK WHITNEY MacLEAN
AND PAMLA HAY MacLEAN, INDIVIDUALLY AND AS TRUSTEES
OF THE FRANK WHITNEY MacLEAN AND PAMLA HAY MacLEAN
REVOCABLE LIVING TRUST DATED NOVEMBER 3, 2004;
CHARLES Z. FEDAK; MERI L. FEDAK; CLAYTON T. HAUSEUR
AND GRACE K. HAUSEUR, INDIVIDUALLY AND AS
TRUSTEES OF THE HAUSEUR FAMILY TRUST DATED
JANUARY 17, 2008; WELLS FARGO BANK, N.A.,
Defendants-Appellees;
and DOE DEFENDANTS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CC191000153)


**MEMORANDUM OPINION**
(By: Hiraoka, Presiding Judge, Nakasone and Guidry, JJ.)

These consolidated appeals come from a wrongful
foreclosure lawsuit filed by several plaintiffs against Bank of
America, N.A. (**BANA**) and others in the Circuit Court of the
Second Circuit.[1]  Bernardo **Panuelos**, Michael J. Hillinger and
Lisa M. Hillinger (the **Hillingers**), and Jacqueline **Bui** appeal
from Hawai'i Rules of Civil Procedure (**HRCP**) Rule 54(b)-certified
**Judgments** for BANA, each entered on August 26, 2020.[2]  They
challenge the circuit court's August 11, 2020 **"Order** Granting
Defendants Bank of America, N.A. and Mortgage Electronic
Registration Systems, Inc.'s Motion to Dismiss First Amended

---

[1]     The Honorable Rhonda I.L. Loo presided.

[2]     Barbara J.K. Duarte was also an appellant, but her appeal has been
dismissed by stipulation.

Complaint and Motion to Sever, Filed February 21, 2020, and Substantive Joinders by Joining Defendants."  We vacate the Judgments, affirm in part and vacate in part the Order, and remand for further proceedings.

## I.  BACKGROUND

BANA nonjudicially foreclosed on several properties owned by various plaintiffs below.  The plaintiffs claim the foreclosures didn't comply with former Hawaii Revised Statutes (**HRS**) § 667-5.[3]  They sought damages for wrongful foreclosure and lost rental income, treble damages under HRS § 480-13, restitution, and rescissory or other equitable damages.  Some plaintiffs also sought to quiet title to, and regain possession of, their foreclosed properties.

BANA moved to dismiss the lawsuit or to sever the plaintiffs' cases.  The circuit court dismissed all claims made by Panuelos, the Hillingers, and Bui, and severed the remaining plaintiffs' cases.  HRCP Rule 54(b)-certified judgments were entered against Panuelos, the Hillingers, and Bui.  We consolidated their appeals.  The parties submitted supplemental briefs on several supreme court decisions published after briefing for these appeals had been completed, including **Llanes v. Bank of Am., N.A.**, ___ Hawai'i ___, ___ P.3d ___, 2024 WL 3064621 (as amended on recon., Sept. 9, 2024); In re **Manuel**, 152 Hawai'i 290, 526 P.3d 267 (2023); and **Delapinia** v. Nationstar Mortg. LLC, 150 Hawai'i 91, 497 P.3d 106 (2021).

## II.  STANDARD OF REVIEW

We review a ruling on a motion to dismiss de novo. Bank of Am., N.A. v. Reyes-Toledo, 143 Hawai'i 249, 256, 428 P.3d 761, 768 (2018).  We assume the facts alleged in the complaint are true and view them in the light most favorable to the

---

[3]     HRS § 667-5 was repealed effective June 28, 2012.  2012 Haw. Sess. Laws Act 182, § 50 at 684.

plaintiffs to determine if they warrant relief under any legal theory.  Id. at 257, 428 P.3d at 769.  But we don't have to accept conclusory allegations on the legal effect of the facts alleged.  Kealoha v. Machado, 131 Hawaiʻi 62, 74, 315 P.3d 213, 225 (2013).  If the circuit court's decision was correct, "it must be affirmed . . . even though the lower tribunal gave the wrong reason for its action."  State v. Taniguchi, 72 Haw. 235, 239, 815 P.2d 24, 26 (1991).

### III. DISCUSSION

The factual allegations in the First Amended Complaint, viewed in light most favorable to Panuelos, the Hillingers, and Bui (collectively, **Plaintiffs**), are:  Plaintiffs owned real property on Maui.  Between 2008 and 2011, BANA held nonjudicial foreclosure sales under former HRS § 667-5 in a way that increased the likelihood of BANA being the successful bidder at the auction.  That enabled BANA to continue earning servicing fees while holding the foreclosed property for resale.  BANA's nonjudicial foreclosures did not comply with HRS § 667-5 in several ways described in the First Amended Complaint.

As to damages, the First Amended Complaint alleged:

> 28.  As a result of BANA's wrongful conduct in foreclosing, each Plaintiff lost title and possession and use of their real property in an unlawful sale in the same manner as part of the same common scheme.
>
> 29.  As a result of the wrongful acts described above, each Plaintiff lost the monies they had invested or expended in their Property, lost the market value of their Property, lost the use and rental value of the Property from and after the date he or she lost possession, and incurred other losses related to obtaining alternative properties, all in amounts they are entitled to recover and to be proved at trial.  Such recovery may be at law, in equity, by restitution, equitable or rescissory damages.

The First Amended Complaint did not allege that Plaintiffs' mortgages did not contain a power of sale, or that Plaintiffs were not subject to foreclosure.  Plaintiffs did not

5

challenge BANA's right to foreclose; they complained that BANA did not follow proper procedure when it did.

In these appeals: **(a)** Panuelos and the Hillingers contend the circuit court erroneously concluded their claims were barred by HRS § 501-118; **(b)** Panuelos, the Hillingers, and Bui contend the court erroneously concluded that their claims for restitution or rescissory damages, and for specific violations of HRS Chapter 667, Part I, were time-barred; **(c)** Bui contends the circuit court erroneously concluded she was judicially estopped from pursuing her claims and **(d)** her quiet title and ejectment claims were time-barred; and **(e)** Panuelos, the Hillingers, and Bui contend the circuit court abused its discretion by severing the plaintiffs' cases after erroneously concluding they didn't arise from the same series of transactions.

### A.   Panuelos's and the Hillingers' claims for damages are not barred by HRS § 501-118.

Panuelos's and the Hillingers' properties were registered in Land Court.  The Land Court Assistant Registrar had entered post-foreclosure transfer certificates of title in the registration book on February 9, 2016 — three years before the First Amended Complaint was filed.  The circuit court concluded that Panuelos's and the Hillingers' claims were barred by HRS § 501-118 because they weren't filed before new certificates of title were entered.

Manuel is dispositive.  The supreme court held:

> [A]n action alleging a wrongful nonjudicial foreclosure of Land Court property that seeks only damages against the foreclosing lender is not an action that "directly impeaches" any foreclosure proceedings affecting registered land within the meaning of HRS § 501-118(c); therefore, the action is not barred by the entry of a [transfer certificate of title] to the buyer at a foreclosure sale.

Id. 152 Hawaiʻi at 303, 526 P.3d at 280.

In these cases, Panuelos and the Hillingers seek only recovery of damages from BANA; they don't seek return of title to or possession of their foreclosed properties.  Their claims for

damages were not barred by HRS § 501-118. The circuit court erred by dismissing their claims on that basis. Their claims for damages are, however, limited by the supreme court's recent Llanes decision (as amended on reconsideration).

**B. The claims for restitution or rescissory damages and for specific violations of HRS Chapter 667, Part I were subject to class action tolling.**

Panuelos, the Hillingers, and Bui joined the action below when the First Amended Complaint was filed on May 3, 2019. They were members of the putative class in Degamo v. Bank of Am., N.A., Civil No. 13-00141, United State District Court, District of Hawaiʻi. This "tolled the time for filing an individual wrongful foreclosure claim until September 29, 2021," Manuel, 152 Hawaiʻi at 303-04, 526 P.3d at 280-81. The First Amended Complaint was filed while the statute of limitations was tolled.

The circuit court concluded that class action tolling only applied to "identical causes of action asserted in the [Degamo] class action. If the claims are materially different from the [Degamo] class action, . . . tolling does not apply." The court found that "Plaintiffs' request for rescissory damages [and] allegations related to loan servicing and posting notices on the properties after postponement of the original foreclosure sales . . . are materially different from the claims and theories of damages asserted in Degamo[.]" The court dismissed those claims as time-barred.

The Degamo complaint was filed in Hawaiʻi state court on September 7, 2012. That "tolled the time for filing an individual wrongful foreclosure claim[.]" Manuel, 152 Hawaiʻi at 303, 526 P.3d at 280. The Degamo complaint doesn't contain the words *restitution*, *rescissory damages*, *loan servicing*, or *loan modification*. It didn't have to. Hawaiʻi is a notice pleading jurisdiction where it is "not necessary to plead legal theories with precision." Reyes-Toledo, 143 Hawaiʻi at 259, 428 P.3d at 771 (cleaned up). The Degamo complaint alleged wrongful

7

foreclosure — that BANA (and its agents) conducted nonjudicial foreclosures without strictly complying with HRS § 667-5. BANA had "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. Class action tolling applied to all factual bases and potential remedies applicable to a wrongful foreclosure claim. The circuit court erred by narrowly applying class action tolling only to factual and legal theories pleaded with precision. Id.

> **C.    Bui was not judicially estopped from pursuing her wrongful foreclosure claim.**

Bui filed a Chapter 7 bankruptcy petition in 2010. Her schedule of assets included the property eventually foreclosed on by BANA. Her petition also included her statement of intention to surrender the property and to not claim it as exempt. A separate "Declaration of Debtor re: Surrender of Property" was filed. Bui received a discharge on June 21, 2010.

The circuit court ruled that Bui was judicially estopped from pursuing her claim because she had surrendered her property in her bankruptcy proceeding. We review de novo. Ching v. Dung, 148 Hawaiʻi 416, 426, 477 P.3d 856, 866 (2020). A party asserting judicial estoppel must show three things: **(1)** the other party's later position is *inconsistent* with its earlier position; **(2)** the other party *persuaded* a court to accept its earlier position; and **(3)** the other party would derive an *advantage* for itself or impose a *detriment* on the opposing party if not estopped. Id. at 429, 477 P.3d at 869.

**(1)** The Bankruptcy Code requires that the debtor file a statement of intent to retain or surrender encumbered property.[4] In re Ryan, 560 B.R. 339, 347 (Bankr. D. Haw. 2016), vacated on other grounds, BAP No. HI-16-1391-TaLB, 2018 WL 1938512 (B.A.P. 9th Cir. Jan. 4, 2018). 11 U.S.C. § 521(a)(2) states that "nothing in paragraphs (A) or (B) . . . shall alter

---

[4]    11 U.S.C.A. § 521(a)(2)(A) (2014).

the debtor's or the trustee's rights with regard to [the collateral] under this title." Id. The code does not define "surrender," nor does it say to whom the debtor must surrender the property, or what "surrender" requires the debtor to do. Id. In Ryan the Honorable Robert J. Faris, bankruptcy judge for the District of Hawaiʻi (in which Bui's bankruptcy was also filed), held:

> the debtor's stated intent to surrender merely means that the debtor does not intend to reaffirm, redeem, or exempt the property. . . . [S]ection 521(a)(2) is a notice provision that does not affect the respective rights of the debtor and the secured creditor . . . .

Id. at 349–50 (footnotes omitted) (citing Mayton v. Sears, Roebuck & Co. (In re Mayton), 208 B.R. 61, 67-68 (9th Cir. BAP 1997) ("[T]he only logical basis for reconciling the conflicting elements of [§ 521(a)(2)] is to hold that it is essentially a notice statute.") and 4 Collier on Bankruptcy ¶ 521.14[4], at 521-49 (16th ed. 2016) (§ 521(a)(2) "does not affect the debtor's substantive rights vis a vis the creditor[.]")). We agree with and adopt Judge Faris's reasoning. We conclude that Bui's "surrender" of her property in her bankruptcy case was not inconsistent with her later assertion of wrongful foreclosure.

**(2)** Bui's "surrender" of her property didn't "persuade" the bankruptcy court to do anything because her discharge "was entirely independent of the 'surrender' of the [p]roperty" as a matter of bankruptcy law. Ryan, 560 B.R. at 351.

**(3)** Bui did not derive an advantage over, or impose a detriment on, BANA by complying with the Bankruptcy Code. BANA obtained relief from the automatic bankruptcy stay on April 21, 2010. The mortgagee's affidavit of foreclosure under power of sale was recorded on June 17, 2010, four days before Bui received a discharge. Bui is not challenging BANA's *right* to foreclose; she claims that BANA didn't comply with HRS § 667-5 when it did.

Bui's wrongful foreclosure claim was not barred by judicial estoppel. The circuit court erred by dismissing the claim on that basis.

> **D. Bui's quiet title and ejectment claims against Bush and Bennett were time-barred, but her quiet title claim against Quicken Loans was not.**

Bui alleged claims for quiet title and ejectment against defendants Matthew Robert **Bush**, Heather Noel **Bennett**, and **Quicken Loans**, Inc. Bui's foreclosed property was conveyed to Bush and Bennett on January 4, 2011. The deed was recorded on February 4, 2011. Bui joined the action below on May 3, 2019. The circuit court concluded that Bui's claims to quiet title and for ejectment were time-barred by a six-year statute of limitations. The court did not specify the authority on which it relied; we assume it was HRS § 657-1(4) (2016), which applies to "[p]ersonal actions of any nature whatsoever not specifically covered by the laws of the State."

At first we note that Bush and Bennett's mortgage to Quicken Loans was dated December 29, 2017, and recorded on January 8, 2018. Even if a six-year statute of limitations applied, Bui's quiet title claim against Quicken Loans was timely and the circuit court erred by dismissing that claim based on the statute of limitations. Bui didn't assert an ejectment claim against Quicken Loans because she did not allege that Quicken Loans had possession of the foreclosed property.

The First Amended Complaint doesn't allege that Bush and Bennett's deed was forged or had been procured by fraud in the factum.[5] Thus, the deed is at most voidable, not void. See Delapinia, 150 Hawai'i at 104, 497 P.3d at 119 ("sales pursuant to a wrongful foreclosure are voidable, regardless of whether the violation was statutory or contractual, substantial or a mere

---

[5] Bui would have had to allege "the circumstances constituting fraud" with particularity. HRCP Rule 9(b).

irregularity").  HRS § 657-1(4)'s six-year statute of limitations applies to a claim that a deed is voidable because the foreclosure from which it resulted was wrongful.  Cf. Hancock v. Kulana Partners, LLC, 145 Hawaiʻi 374, 382, 452 P.3d 371, 379 (2019) (holding that HRS § 657-1(4) applies to claim that deed was voidable).

Bui argues, "Count III [(her quiet title claim)] is <u>not</u> a claim to void an instrument to which Bui was a party, or a claim for compensation for deprivation of title, **but a claim <u>to</u> <u>declare title</u> in Bui**" and "there is **no limitations period** for a quiet title claim[.]"  Bui's argument exalts form over substance.  HRS Chapter 669 governs quieting title.  HRS § 669-1(a) (2016) allows actions "brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim."  HRS Chapter 669 prescribes a remedy; it does not have its own statute of limitations.  But there must be a legal basis to invoke the remedy of determining competing title claims. Here, Bui claims superior title because Bush and Bennett's deed is voidable, having resulted from a wrongful foreclosure.  That claim is subject to HRS § 657-1(4)'s six-year statute of limitations.  Bush and Bennett's deed was recorded over six years before Bui joined the action below.  The circuit court was not wrong to conclude that Bui's quiet title and ejectment claims against Bush and Bennett were time-barred.

### E.   We lack jurisdiction over the appeals from the circuit court's order of severance.

Panuelos, the Hillingers, and Bui contend the circuit court erred by granting BANA's motion to sever.  BANA has not raised the issue of jurisdiction, but "if the parties do not raise the issue of a lack of subject matter jurisdiction, a court sua sponte will."  Kapuwai v. City & Cnty. of Honolulu, 121 Hawaiʻi 33, 40, 211 P.3d 750, 757 (2009) (brackets omitted).

"[W]hen judgment is entered under [HRCP] Rule 54(b), a timely notice of appeal brings up for review all interlocutory decisions and orders *implicated by the judgment*." Anastasi v. Fid. Nat'l Title Ins. Co., 134 Hawaiʻi 400, 414, 341 P.3d 1200, 1214 (App. 2014) (italics added) (underscoring omitted) (quoting 10 Moore's Fed. Prac. § 54.28[3][c] (3d ed. 2009)), vacated in part on other grounds, 137 Hawaiʻi 104, 366 P.3d 160 (2016). The circuit court's August 11, 2020 Order dismissed "[a]ll claims asserted by" Panuelos, the Hillingers, and Bui. It severed "*the remaining Plaintiffs' cases* from this action into separate actions by property" and directed the court clerk to "open new cases with separate case numbers corresponding to the relevant parties[.]" (Italics added.) On remand Panuelos, the Hillingers, and Bui will be parties to one case, 2CC191000153. Severance of the other plaintiffs' cases wasn't implicated by the HRCP Rule 54(b)-certified judgments on appeal. We lack jurisdiction to review the propriety of the circuit court's severance of the other plaintiffs' cases.

## IV. DISPOSITION

The HRCP Rule 54(b)-certified judgments for BANA and against Panuelos, the Hillingers, and Bui, entered on August 26, 2020, are vacated. The circuit court's August 11, 2020 Order is: (1) vacated to the extent it dismissed (a) Panuelos', the Hillingers', and Bui's claims for damages (including restitution or rescissory damages), and (b) Bui's quiet title claim against Quicken Loans; but (2) affirmed to the extent it dismissed Bui's quiet title and ejectment claims against Bush and Bennett. No other parts of the Order are before us on these appeals.

DATED: Honolulu, Hawaiʻi, September 24, 2024.

On the briefs:

James J. Bickerton,
Bridget G. Morgan-Bickerton,
Jeremy K. O'Steen,
Van-Alan H. Shima,

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

for Plaintiffs-Appellants
Bernardo Panuelos,
Michael J. and Lisa M.
Hillinger, and Jacqueline
Bui.

Patricia J. McHenry,
Allison Mizuo Lee,
for Defendant-Appellee
Bank of America, N.A.
and Defendant-Appellee
Mortgage Electronic
Registration Systems,
Inc.(in CAAP-20-0000578).

/s/ Kimberly T. Guidry
Associate Judge