**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000104
23-OCT-2025
08:14 AM
Dkt. 86 SO**

NOS. CAAP-23-0000104 and CAAP-24-0000390

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

### CAAP-23-0000104

HAWAIʻI HOUSING FINANCE AND DEVELOPMENT CORPORATION,
STATE OF HAWAIʻI, Plaintiff/Counterclaim Defendant-Appellee,
v.
KANE OHANA PROPERTY MANAGEMENT LLC; ELIJAH CLARENCE KANE; BOBBY
JAMES HICKOX; BERNADINE M. LALOSIN; SEAN RALPH JOLIVETTE,
A.K.A. SHAUN RALPH JOLIVETTE; JODEE ELLIS, A.K.A.
JODEE D. LEE; BRIAN KEITH BOTTS; CURRENT OCCUPANTS OF
48-501 WAIĀHOLE VALLEY ROAD NORTH BRANCH; CURRENT
OCCUPANTS OF 48-539 WAIĀHOLE VALLEY ROAD NORTH BRANCH,
Defendants-Appellees, and LEILEHUALANI KANE TAPADO,
Defendant/Counterclaimant-Appellant,
and
DOE DEFENDANTS 1-50, Defendants

and

### CAAP-24-0000390

HAWAIʻI HOUSING FINANCE AND DEVELOPMENT CORPORATION,
STATE OF HAWAIʻI, Plaintiff/Counterclaim Defendant-Appellee,
v.
KANE OHANA PROPERTY MANAGEMENT LLC; ELIJAH CLARENCE KANE; BOBBY
JAMES HICKOX; BERNADINE M. LALOSIN; SEAN RALPH JOLIVETTE,
A.K.A. SHAUN RALPH JOLIVETTE; JODEE ELLIS, A.K.A.
JODEE D. LEE; BRIAN KEITH BOTTS; CURRENT OCCUPANTS OF
48-501 WAIĀHOLE VALLEY ROAD NORTH BRANCH; CURRENT
OCCUPANTS OF 48-539 WAIĀHOLE VALLEY ROAD NORTH BRANCH,
Defendants-Appellees, and LEILEHUALANI KANE TAPADO,
Defendant/Counterclaimant-Appellant,
and
DOE DEFENDANTS 1-50, Defendants

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KOʻOLAUPOKO DIVISION
(CASE NO. 1DRC-22-0003421)

## SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

In CAAP-23-0000104, Leilehualani Kane **Tapado**, representing herself, appeals from the ***Judgment for Possession*** entered by the District Court of the First Circuit, Koʻolaupoko Division on February 16, 2023, and the March 1, 2023 denial of her ***Motion to Dismiss*** Action, dated February 24, 2023.[1]

In CAAP-24-0000390, Tapado and Elijah Clarence **Kane**, representing themselves, appeal from the *Order Granting Plaintiff Hawaiʻi Housing Finance and Development Corporation's Motion for Extension of Writ of Possession* entered by the District Court on April 23, 2024.[2]

We consolidated the appeals. We affirm the Judgment for Possession and the denial of the Motion to Dismiss. We dismiss CAAP-24-0000390 as moot.

Hawaiʻi Housing Finance and Development Corporation (**HHFDC**) sued in district court to eject Tapado, Kane, and others from HHFDC's **Property**. A *First Amended Complaint* was filed on June 8, 2022.

HHFDC moved for summary judgment on November 14, 2022. No opposition was filed. An order granting summary judgment, the Judgment for Possession, and a ***Writ of Possession*** were entered on February 16, 2023.

Some time later, Tapado submitted the Motion to Dismiss to the District Court. The motion was stamped denied and filed on March 1, 2023, with the notation "Motion to Dismiss Action is denied as untimely and moot — Plaintiff's Motion for Summary Judgment granted 2/16/2023." Tapado filed a notice of appeal on March 2, 2023, creating CAAP-23-0000104.

The District Court extended the Writ of Possession on April 23, 2024. Tapado and Kane filed a notice of appeal on May 23, 2024, creating CAAP-24-0000390.

---

[1] The Honorable Karin L. Holma presided.

[2] The Honorable Alvin K. Nishimura presided.

In **CAAP-23-0000104** Tapado contends: **(1)** the District Court erred by denying her motion to dismiss as "untimely and moot"; and **(2)** HHFDC violated Hawaii Revised Statutes (**HRS**) § 521-71(e).

**(1)** Tapado's Motion to Dismiss argued the District Court lacked jurisdiction because title to HHFDC's Property was in dispute. It was submitted more than a week after the Judgment for Possession was entered. But "lack of subject matter jurisdiction can never be waived by any party at any time." Yamane v. Pohlson, 111 Hawaiʻi 74, 83, 137 P.3d 980, 989 (2006). The District Court should have treated the motion as one for relief from the Judgment for Possession under Hawaiʻi District Court Rules of Civil Procedure Rule 60(b)(4) ("the judgment is void").

District courts do not have jurisdiction over "actions in which the title to real estate comes in question[.]" HRS § 604-5(d) (2016). The Motion to Dismiss included a copy of an unrecorded agreement of sale. According to the document, Lei Lehua Lani Katherine Esther Loa Kane agreed to sell the Property to Tapado. It was signed by the seller on February 23, 2023 — a week after the Judgment for Possession was entered.

HHFDC's evidence supporting its motion for summary judgment showed that HHFDC: owned the Property; gave month-to-month revocable rights of entry to Kane Ohana Property Management LLC effective March 22, 2019 and August 1, 2020; and terminated the rights of entry effective March 18, 2022.

Tapado did not oppose HHFDC's motion for summary judgment. She offered no evidence to controvert that HHFDC owned the Property. Her Motion to Dismiss offered evidence that, viewed in the light most favorable to her, showed she acquired an interest in the Property a week *after* the Judgment for Possession was entered. The District Court had jurisdiction; the Judgment for Possession was not void.

Tapado's Motion to Dismiss was correctly denied, albeit for the wrong reason. "[W]here the decision below is correct it must be affirmed by the appellate court even though the lower

tribunal gave the wrong reason for its action." State v. Taniguchi, 72 Haw. 235, 239, 815 P.2d 24, 26 (1991).

**(2)** Tapado contends that HHFDC violated HRS § 521-71(e). That statute applies to expiration of residential rental agreements. The revocable rights of entry were not residential rental agreements. HRS § 521-71(e) did not apply.

In **CAAP-24-0000390**, Tapado and Kane challenge the District Court's extending the Writ of Possession. On August 26, 2025, we entered an order to show cause why the appeal should not be dismissed as moot. In response, HHFDC submitted a declaration stating that the Writ of Possession was executed on February 13, 2025, HHFDC secured the Property on that date, and HHFDC has been in possession since that date.

"A case is moot if the reviewing court can no longer grant effective relief." Wilmington Sav. Fund Soc'y, FSB v. Domingo, 155 Hawai'i 1, 13, 556 P.3d 347, 359 (2024). We are affirming the Judgment for Possession. Tapado and Kane's appeal from the order extending the Writ of Possession is therefore moot.

The February 16, 2023 *Judgment for Possession* and the March 1, 2023 stamp denial of the *Motion to Dismiss Action* are affirmed. CAAP-24-0000390 is dismissed as moot. All pending motions in CAAP-23-0000104 and CAAP-24-0000390, are denied.

DATED: Honolulu, Hawai'i, October 23, 2025.

On the briefs:

Leilehualani Kane Tapado,
Self-represented
Defendant/Counterclaimant-
Appellant.

Ryan K.P. Kanaka'ole,
Sandra A. Ching,
Craig Y. Iha,
Deputy Attorneys General,
State of Hawai'i,
for Plaintiff/Counterclaim
Defendant-Appellee Hawaii
Housing Finance and
Development Corporation,
State of Hawai'i.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge